IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 24 cv 2109 ) |
| CSN ENTERTAINMENT, LLC; and SHAYLA MCDOWELL, Individually and as SPECIAL ADMINISTRATOR OF THE ESTATE OF DAYMAN WARREN, DECEASED, | ) ) ) ) ) ) ) |
| Defendants. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, Nautilus Insurance Company ("Nautilus"), by and through its attorneys, Dana A. Rice and Jason M. Taylor of Traub Lieberman Straus & Shrewsberry LLP, and for its Complaint for Declaratory Judgment against Defendants CSN Entertainment, LLC, and Shayla McDowell, Individually and as Special Administrator for the Estate of Dayman Warren, Deceased, it states as follows:

## THE PARTIES

1. Nautilus is, and at all relevant times has been, a corporation organized under the laws of Arizona with its principal place of business in Scottsdale, Arizona. At all times relevant hereto, Nautilus was an insurer whose insurance policies are sold in Illinois.

2. Defendant CSN Entertainment, LLC ("CSN"), is an Illinois limited liability company with its principal place of business at 935 Saint Louis Avenue, East St. Louis, Illinois. The sole member of CSN is Roslyn Cason who is a citizen of Illinois domiciled at 2614 Bond Avenue, East St. Louis, Illinois.

1

3.     Defendant Shayla McDowell, Individually and as Special Administrator for the Estate of Dayman Warren, Deceased (collectively, the "Estate") is a citizen of Illinois domiciled in Granite City, Madison County, Illinois. The Estate is the plaintiff/claimant in the underlying *Estate* lawsuit and is joined as a Defendant herein as a necessary party and so that it may be bound by the judgment entered in this case. If the Defendant Estate executes a stipulation agreeing to be bound by any judgment entered herein, Nautilus will voluntarily dismiss Defendant from this action.

## JURISDICTION

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) in that the citizenship of the parties is diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Specifically, the case relates to an insurance policy providing in excess of $75,000 in coverage, and the underlying lawsuit seeks damages in excess of $75,000.

## VENUE

5.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events giving rise to this litigation occurred in this judicial district, and because at least one of the Defendants is a resident of this judicial district and all Defendants are residents of the State of Illinois. The underlying lawsuit giving rise to this coverage action is currently pending in a state court in this judicial district.

## THE UNDERLYING LAWSUIT

6.     On April 1, 2024, Shayla McDowell, Individually and as Special Administrator of the Estate of Dayman Warren, Deceased (the "Estate") filed a Complaint styled *Shayla McDowell, Individually and as Special Administrator of the Estate of Dayman Warren, Deceased, v. CSN*

*Entertainment, LLC, et al*, cause number 2024-LA-0476, in the Circuit Court of St. Clair County, Illinois, against CSN Entertainment, LLC, among others (the "*Estate* lawsuit"). (A true and correct copy of the *Estate* lawsuit is attached hereto as **Exhibit A**.)

7. The *Estate* lawsuit alleges that on October 1, 2023, Dayman Warren ("Decedent"), a 27-year old male, visited the CSN Entertainment, LLC, club in East St. Louis, Illinois for the grand opening with his friends. Exh. A., ¶1.

8. The Estate alleges that CSN contracted with Beast Mode, LLC ("Beast Mode") to provide security services for the grand opening in East St. Louis, Illinois. Exh. A., ¶¶2; 26.

9. The *Estate* lawsuit alleges that Terrell Amerson was one of the Beast Mode security guards/bouncers employed by Beast Mode on the night of the grand opening. Exh. A., ¶3.

10. It is alleged that at approximately 1:30 a.m., Terrell Amerson took a knee and fired two shots at Dayman Warrant as he and his friends were leaving CSN, which injured and killed Decedent. Exh. A., ¶4.

11. It is alleged that Terrell Amerson was acting within the course and scope of his employment with Beast Mode when he shot and killed Decedent. Exh. A., ¶¶20-21.

12. The *Estate* lawsuit includes two causes of action against CSN sounding in Wrongful Death, Neglignt Hiring & Selection (Count 5); and Survival Action, Negligent Hiring & Selection (Count 6).

13. The Estate alleges that CSN breached its duties to hire and select an experienced, qualified and/or competent security service, and as a direct and proximate result of one or more negligent and careless acts or omissions by CSN, Decedent was shot and killed by a Beast Mode security guard. Exh. A., ¶¶27-29.

# THE NAUTILUS POLICY

14. Nautilus issued a commercial lines policy, policy number NN1581658, to CSN Entertainment, LLC dba Visions Bar & Grill (hereinafter, "CSN"), providing commercial general liability coverage for the policy period of July 29, 2023, to July 29, 2024 (the "Nautilus Policy"). The Nautilus Policy includes limits of $1,000,000 per occurrence with a $2,000,000 general aggregate, subject to a $500 per claim deductible. (A true and correct copy of the Nautilus Policy is attached hereto as **Exhibit B**.)

15. The Insuring Agreement of the Nautilus Policy, Form CG 00 01 (04 13), "Commercial General Liability Coverage Form," under "Coverage A. Bodily Injury and Property Damage Liability," provides, in relevant part, the following:

> **SECTION I – COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
>     **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. […]
>
>     \* \* \*
>
>     **b.** This insurance applies to "bodily injury" and "property damage" only if:
>
>         (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
>         (2) The "bodily injury" or "property damage" occurs during the policy period; […]

[* * *]

16. The Nautilus Policy contains the following definitions relevant to the aforementioned Insuring Agreement, and the exclusions and endorsements discussed below:

**SECTION V - DEFINITIONS**

    **3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

    **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

    **17.** "Property damage" means:

        **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

        **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

    For the purposes of this insurance, electronic data is not tangible property.

[ * * *]

17. The Insuring Agreement of Coverage A provides coverage for those sums an insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" sustained by another during the policy period and resulting from an "occurrence".

18. The *Estate* lawsuit does not allege "property damage" as defined by the Nautilus Policy.

19. The Nautilus Policy includes form endorsement L210 (12/19), "Exclusion - All Assault Or Battery," which states:

**EXCLUSION - ALL ASSAULT OR BATTERY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** The following exclusion is **added** to **2. Exclusions of Section I - Coverage A - Bodily Injury And Property Damage Liability, Coverage B - Personal And Advertising Injury Liability,** and **Coverage C - Medical Payments:**

This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of any actual or alleged:

1. "Assault" or "battery" caused, directly or indirectly, by you, any insured, any person, any entity, or by any means whatsoever; or

2. Failure to suppress or prevent "assault" or "battery" by you, any insured, any person, any entity, or by any means whatsoever; or

3. Failure to provide an environment secure from "assault" or "battery"; or

4. Failure to warn of the dangers of the environment which could contribute to "assault" or "battery"; or

5. Use of any force to protect persons or property whether or not the "bodily injury", "property damage" or "personal and advertising injury" was intended from the standpoint of you, any insured, or any person, or committed by or at the direction of you, any insured or any person; or

6. Failure to render or secure medical treatment or care following any "assault" or "battery"; or

7. Death, including any allegations of wrongful death, arising out of items **1.** through **6.** listed above.

This exclusion applies:

1. Whether or not any claimed damages occurred at any premises owned or occupied by any insured;

2. To all causes of action arising out of any "assault" or "battery" including, but not limited to, allegations of negligent hiring, placement, training, or supervision, or to any act, error, or omission relating to such an "assault" or "battery";

3. To any claims or "suits" brought by any other person, firm or organization asserting rights derived from, contingent upon, or arising out of an "assault" or "battery"; and specifically excludes from coverage claims or "suits" for:

    a. Emotional distress or for loss of society, services, consortium or income; or

      **b.** Reimbursement for expenses including, but not limited to, medical expenses, hospital expenses, or wages, paid or incurred, by such other person, firm or organization; or

   **4.** To any obligation to share damages with or repay someone who must pay damages because of the injury.

**B.** Exclusion **a. Expected or Intended Injury** of **2. Exclusions** of **Section I - Coverage A - Bodily Injury And Property Damage Liability** is **replaced** by the following**:**

   **a.** "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

**C.** We will have no duty to defend or indemnify any insured in any action or proceeding alleging damages arising out of any "assault" or "battery".

**D.** The following definitions are **added** to **Section V - Definitions:**

   **1.** "Assault" includes but is not limited to sexual assault, physical, written or oral abuse, sexual abuse, human or sex trafficking, intimidation, or any threatened harmful or offensive contact between two or more persons creating an apprehension in a person of immediate or imminent harmful or offensive contact; or an attempt to commit a "battery".

   **2.** "Battery" includes but is not limited to physical abuse, sexual abuse, sexual battery, sexual molestation, hazing, physical altercation; or any harmful or offensive contact to any person, whether direct or indirect, and regardless of intent.

All other terms and conditions of this policy remain unchanged.

(hereinafter, the "Assault or Battery" Exclusion).

   20.    The Nautilus Policy also includes form endorsement L282 (07/10), "Exclusion - Contractors And Subcontractors", which provides:

**EXCLUSION - CONTRACTORS AND SUBCONTRACTORS**

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to **2. Exclusions of Section I - Coverage A - Bodily Injury And Property Damage Liability, Coverage B - Personal And Advertising Injury Liability and Coverage C - Medical Payments**:

7

This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of work performed by any contractor or subcontractor whether hired by or on behalf of any insured, or any acts or omissions in connection with the general supervision of such work.

All other terms and conditions of this policy remain unchanged.

(hereinafter, the "Contractors and Subcontractors" Exclusion).

21. The Nautilus Policy also includes form endorsement L301 (08/20), "Exclusion - Weapons," which states:

**EXCLUSION - WEAPONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** The following exclusion is **added** to **2. Exclusions of Section I - Coverage A - Bodily Injury And Property Damage Liability, Coverage B - Personal And Advertising Injury Liability** and **Coverage C - Medical Payments:**

This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of:

1. The disposal, distribution, importation, maintenance, manufacture, marketing, ownership, packaging, repair, sale, storage, or use of any "weapon" or any ammunition or firearm accessory for any "weapon".

2. Any "weapon" or any ammunition or firearm accessory for any "weapon" obtained through theft, burglary, robbery, inventory shortage, shrinkage, or mysterious disappearance, regardless of acts or omissions by you, your employees, or any other person.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured.

**B.** The following definition is **added** to the **Definitions** section:

"Weapon" means any substance, material, device or instrument that may be used to hunt, fight, cause detriment, inflict harm, restrain, injure, wound or terminate any living being, or destroy, damage, or compromise real or personal property. Weapons include, but are not limited to:

1. Firearms including, but not limited to, any pistol, rifle, gun, or other device capable of expelling or propelling one or more projectiles by the action of an explosive, combustible propellant, or compressed air; or

2. Disguised gun, antique gun, BB gun, paintball gun, pellet gun; or

3. Dagger, dirk, razor, stiletto, switchblade knife, gravity knife, metal knuckle knife, box cutter, cane sword, throwing star, throwing dart; or

4. Brass knuckles, sling shot, electronic dart gun, electroshock stun gun, blow-gun; or

5. Pepper spray or other noxious spray; or

6. Explosive powder, or incendiary material including, but not limited to, destructive devices or instruments.

All other terms and conditions of this policy remain unchanged.

(hereinafter, the "Weapons" Exclusion).

22. The Nautilus Policy also includes form endorsement S009 (04/16), "Exclusion – Total Liquor Liability," which provides as follows:

**EXCLUSION - TOTAL LIQUOR LIABILITY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Exclusion **c. Liquor Liability** under **Paragraph 2., Exclusions of Section 1 – Coverage A. – Bodily Injury and Property Damage Liability** is **replaced** by the following:

**c.    Liquor Liability**

"Bodily injury" or "property damage" for which any insured or his indemnitee may be held liable by reason of:

    **(1)** Causing or contributing to the intoxication of any person, including causing or contributing to the intoxication of any person because

>>alcoholic beverages were permitted to be brought on your premises, for consumption on your premises;
>
>>**(2)** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
>
>>**(3)** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
>
>This exclusion applies even if the claims against any insured or his indemnitee allege negligence or wrongdoing in:
>
>>**(a)** The supervision, hiring, employment, training or monitoring of others by that insured; or
>
>>**(b)** Providing or failing to provide transportation with respect to any person that may be under the influence of alcohol;
>
>>if the "occurrence" which caused the "bodily injury" or "property damage", involved that which is described in Paragraph **(1)**, **(2)**, or **(3)** above.
>
>All other Terms and Conditions of this Policy remain unchanged.

(hereinafter, the "Total Liquor Liability" Exclusion).

23. The Nautilus Policy also includes form endorsement L217 (06/17), "Exclusion - Punitive Or Exemplary Damages," which states:

### EXCLUSION - PUNITIVE OR EXEMPLARY DAMAGES

>This endorsement modifies insurance provided under the following:
>
>COMMERCIAL GENERAL LIABILITY COVERAGE PART
>LIQUOR LIABILITY COVERAGE PART
>OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
>PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
>
>The following exclusion is **added** to **2. Exclusions** of **Section I**:
>
>>This insurance does not apply to punitive or exemplary damages, including but not limited to those damages that may be imposed to punish a wrongdoer or to deter others from engaging in a similar behavior.
>
>All other terms and conditions of this policy remain unchanged.

**COUNT I – DECLARATORY JUDGMENT**
**No Coverage for Underlying *Estate* Lawsuit Under the Nautilus Policy**

24. Nautilus adopts and realleges the allegations in paragraphs 1 through 23 of its Complaint for Declaratory Judgment as paragraph 24 of Count I of its Complaint for Declaratory Judgment as if fully set forth herein.

25. Nautilus has no duty to defend or indemnify CSN in connection with the underlying *Estate* lawsuit under the Nautilus Policy because:

    A.  The allegations of the underlying *Estate* lawsuit fail to satisfy the Insuring Agreement of the Nautilus Policy in that they fail to allege damages because of "bodily injury" or "property damage" caused by an "occurrence" as defined by the Nautilus Policy.

    B.  Even if the allegations of the *Estate* lawsuit satisfy the Insuring Agreement of the Nautilus Policy, which they do not, the "Assault or Battery" Exclusion bars coverage.

    C.  Even if the allegations of the *Estate* lawsuit satisfy the Insuring Agreement of the Nautilus Policy, which they do not, the "Contractors and Subcontractors" Exclusion bars coverage.

    D.  Even if the allegations of the *Estate* lawsuit satisfy the Insuring Agreement of the Nautilus Policy, which they do not, the "Weapons" Exclusion bars coverage.

    E.  Even if the allegations of the *Estate* lawsuit satisfy the Insuring Agreement of the Nautilus Policy, which they do not, the "Total Liquor Liability" Exclusion bars coverage.

    F.  Even if the allegations of the *Estate* lawsuit satisfy the Insuring Agreement of the Nautilus Policy, which they do not, the "Punitive or Exemplary Damages" Exclusion bars coverage.

26. An actual controversy exists between Nautilus, CSN, and the Estate, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liability of the parties hereto and to grant such further and other relief as may be necessary.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, Nautilus Insurance Company, respectfully prays that this Honorable Court:

A. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Nautilus Policy;

B. Find and declare that Nautilus has and had no duty under the Nautilus Policy to defend CSN Entertainment, LLC, against the underlying *Estate* lawsuit, or to indemnify CSN for any judgment, award, or settlement entered therein; and

C. Grant Plaintiff such other and further relief that the Court deems just and proper under the facts and circumstances.

Dated this 3rd day of September, 2024.

Respectfully submitted,

**/s/**    *Jason M. Taylor*

Dana Rice (Attorney No. 6283827)
drice@tlsslaw.com
Jason M. Taylor (Attorney No. 6293925)
jtaylor@tlsslaw.com
TRAUB LIEBERMAN
STRAUS & SHREWSBERRY, LLP
71 S. Wacker Dr., Suite 2110
Chicago, Illinois 60603
312.332.3900
312.332.3908 (f)
*Attorneys for Plaintiff Nautilus Insurance Company*