IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:24-cv-2109-DWD |
| | ) |
| CSN ENTERTAINMENT, LLC, et al, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter comes before the Court to address the failure of counsel for Defendant CSN Entertainment LLC ("CSN"), Laninya A. Cason, to comply with Court Orders (Docs. 13, 14, 21).

## Background

On October 18, 2024, Attorney Cason filed Defendant CSN's Answer and Motion to Stay. (Docs. 11, 12). However, Attorney Cason failed to file her entry of appearance in accordance with Local Rule 83.1(g). That Rule provides that "[o]nce the initiating document [in a case] is filed, any attorney other than the one who filed the initiating document must file a separate entry of appearance before filing a document or appearing before the Court." *See* SDIL-LR 83.1(g). Accordingly, the Clerk of Court notified Attorney Cason of her need to file an entry of appearance on October 21, 2024. (Doc. 13). On October 24, 2024, the undersigned also ordered Attorney Cason to file an entry of appearance. (Doc. 14). As no appearance was filed, the Court ordered her to show cause on January 21, 2025, as to why she should not be subject to sanctions for her failure to

comply with the Court's Orders. (Doc. 21). As of this date, Attorney Cason has failed to comply.

## Legal Standards

Civil contempt is intended to compel a party to act and compensate parties for their losses resulting from non-compliance. *See United States v. United Mine Workers of America*, 330 U.S. 258, 303-304 (1947). "A court's civil contempt power rests in its inherent limited authority to enforce compliance with court orders and ensure judicial proceedings are conducted in an orderly manner." *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001) (quoting *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 737 (7th Cir. 1999)). A party can be held in civil contempt if (1) there was a decree from the Court that set forth in specific detail an unequivocal command, (2) there is clear and convincing evidence that the decree was violated, (3) the violation was significant in that it was not substantial compliance, and (4) the violator has not been reasonably diligent and energetic in attempting to accomplish what was ordered. *See Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 711 (7th Cir. 2014); *Stotler & Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989).

## Discussion

Here, the undersigned finds there is clear and convincing evidence to hold Attorney Cason in civil contempt. *See Stotler*, 870 F.2d at 1163 (establishing that the burden of proof for civil contempt is clear and convincing evidence). First, Attorney Cason was notified by the Clerk of her need to file an entry of appearance under Local Rule 83.1(g) on October 21, 2024. She was then ordered to do so by the undersigned October 24, 2024, and ordered to show cause for her failure to comply and file an entry

of appearance on January 21, 2025. (Docs. 13, 14, 21). Second, Attorney Cason violated the Court's Orders by refusing to file an entry of appearance. Third, the violation was significant in that Attorney Cason is blatantly ignoring Court Orders. Fourth, and finally, Attorney Cason failed to make a reasonable and diligent effort to comply.

Due to Attorney Cason's disregard of the aforementioned Court Orders, the undersigned finds that a coercive sanction is appropriate. Coercive sanctions aim to coerce the contemnor's compliance with a court order. *See Dowell*, 257 F.3d at 699. The Court has "broad discretion" to fashion a remedy aligned with this objective. *See Clay Financial LLC v. Mandell*, Case No. 16-cv-11571, 2020 WL 13608316, at *8 (N.D. Ill. Nov. 30, 2020). However, a court must consider the "character and magnitude of the harm by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired" while crafting such a sanction. *Autotech Technologies LP v. Integral Research & Development Corp.*, 499 F.3d 737, 752 (7th Cir. 2007) (quoting *South Suburban Housing Center v. Berry*, 186 F.3d 851, 854 (7th Cir. 1999)).

The Seventh Circuit has held that monetary fines can be applied as a coercive sanction. *See F.T.C. v. Trudeau*, 579 F.3d 754, 777 (7th Cir. 2009). A per diem fine imposed for each day a contemnor fails to comply with an affirmative court order "is civil only if the contemnor is afforded an opportunity to purge." *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 829 (1994); *see also Dowell*, 257 F.3d at 699. The amount of a fine is within the discretion of the court.

In this case, the Court finds that a fine of $25.00 per business day will coerce Attorney Cason into compliance with the Court's orders. *C.f. Cent. Laborers' Pension*

*Welfare & Annuity Funds v. Soldier Concrete Constr., LLC*, No. 3:23-CV-01512-GCS, 2024 WL 3860921 (S.D. Ill. Aug. 19, 2024) (imposing a fine of $25.00 per business day on a party's attorney for failure to comply and respond to court orders). The amount of $25.00 per business day is small enough to not be punitive, even if some time were to pass and the ultimate fine amount were to accumulate. Given Attorney Cason's continued failure to respond to any Court orders or engage in this case, a per diem fine is also more likely to coerce compliance rather than, for example, a fixed fine that is suspended until there is compliance. Furthermore, the Court finds that these fines are civil in nature because Attorney Cason has an opportunity to "purge" these sanctions before they are imposed by complying with the Court's previous Orders.

## Conclusion

For the above-stated reasons, the Court hereby **ORDERS** the following:

a. Attorney Cason is held in civil contempt for failure to follow the aforementioned Court Orders;

b. In order to compel compliance with the Court's previous Orders, Attorney Cason is commanded to pay a fine of $25.00 per business day. The fine will begin accumulating on March 3, 2025.

c. The fine will continue to be imposed per business day until Attorney Cason either: (1) files an entry of appearance; or (2) files a motion to withdraw from representing her current client; and

d. The total per diem fine shall be made payable to the Clerk of Court within ten (10) days after Attorney Cason takes either of the above two actions.

**SO ORDERED.**

Dated: February 21, 2025

_____
DAVID W. DUGAN
United States District Judge

5