IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:24-cv-02109-DWD |
| CSN ENTERTAINMENT, LLC, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

On September 3, 2024, Plaintiff, Nautilus Insurance Company ("Nautilus"), filed this action for declaratory judgment, pursuant to 28 U.S.C. § 2201, against Defendants CSN Entertainment, LLC ("CSN"), and Shayla McDowell, individually and as special administrator for the Estate of Dayman Warren.[1] Plaintiff seeks a declaration that it does not owe a duty to defend or indemnify CSN in an underlying lawsuit brought by Ms. McDowell, individually and as special administrator for the Estate of Dayman Warren, cause number 2024-LA-0476, in the Circuit Court of St. Clair County, Illinois, against CSN and others. Now before the Court is Plaintiff's Motion for Judgment on the Pleadings. (Doc. 32). For the reasons detailed below, the Motion is **GRANTED**.

---

[1] Ms. McDowell is a nominal defendant. Following entry of a stipulation to be bound, the claims against Ms. McDowell were dismissed without prejudice. (Doc. 30).

## BACKGROUND

### A. *The Underlying Action*

This case arises from an underlying lawsuit filed on April 1, 2024, by Ms. McDowell in St. Clair County, Illinois, styled as *Shayla McDowell, individually and as special administrator for the Estate of Dayman Warren, Deceased, v. CSN Entertainment, LLC, et al.*, cause number 2024-LA-0476 (the "Underlying Action"). The Underlying Action asserts causes of action against CSN for Wrongful Death, Negligent Hiring & Selection (Count V) and Survival Action, Negligent Hiring & Selection (Count VI). The Decedent in the Underlying Action died on October 1, 2023, after being shot by security personnel at a bar owned by CSN.

In the Underlying Action, Ms. McDowell alleges that CSN was negligent because it failed to hire and select an experienced, qualified and/or competent security service. (Doc. 1-1). Ms. McDowell alleges that Decedent was killed as a result of CSN's negligence. (*Id.* at ¶¶ 27-29).

### B. *The Nautilus Policy*

Nautilus issued a commercial general liability insurance policy to CSN that was in effect during the relevant period, namely from July 29, 2023, to July 29, 2024 (the "Policy"). (Doc. 1-2). The Policy provides coverage for "bodily injury" that is caused by an "occurrence" during the policy period. (Doc. 1-2, p. 14).

The Policy includes form endorsement L210 (12/19), "Exclusion – All Assault Or Battery" (hereinafter, the "Assault and Battery Exclusion"). (Doc. 1-2, pp. 38-39). It states that

> This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of any actual or alleged:
>
> 1. "Assault" or "battery" caused, directly or indirectly, by you, any insured, any person, any entity, or by any means whatsoever; or
>
> 2. Failure to suppress or prevent "assault" or "battery" by you, any insured, any person, any entity, or by any means whatsoever; or
>
> 3. Failure to provide an environment secure from "assault" or "battery"; or
>
> 4. Failure to warn of the dangers of the environment which could contribute to "assault" or "battery"; or
>
> 5. Use of any force to protect persons or property whether or not the "bodily injury", "property damage", "personal and advertising injury" was intended from the standpoint of you, any insured, or any person; or
>
> 6. Failure to render or secure medical treatment or care following any "assault" or "battery"; or
>
> 7. Death, including any allegations of wrongful death, arising out of items 1 through 6 listed above.
>
> This Exclusion applies:
>
> [* * *]
>
> 2. To all causes of action arising out of any "assault" or "battery" including, but not limited to, allegations of negligent hiring, placement, training, or supervision, or to any act, error, or omission relating to such an "assault" or "battery";
>
> [* * *]
>
> 4. To any obligation to share damages with or repay someone who must pay damages because of the injury.

(Doc. 1-2, pp. 38-39). The Assault and Battery Exclusion also states that Nautilus has "no duty to defend or indemnify any insured in any action or proceeding alleging damages

3

arising out of any 'assault' or 'battery'." (Doc. 1-2, p. 38). Section D of the Assault and Battery Exclusion defines those terms as follows:

> 1. "Assault" includes but is not limited to sexual assault, physical, written or oral abuse, sexual abuse, human or sex trafficking, intimidation, or any threatened harmful or offensive contact between two or more person creating an apprehension in a person of immediate or imminent harmful or offensive contact; or an attempt to commit a "battery".
> 2. "Battery" includes but is not limited to physical abuse, sexual abuse, sexual battery, sexual molestation, hazing, physical altercation; or any harmful or offensive contact to any person, whether direct or indirect, and regardless of intent.

(Doc. 1-2, p. 39).

Two other exclusions are relevant here. First, the Policy's Weapons Exclusion precludes coverage for any "bodily injury" arising out of the use of any "weapon" or any ammunition or firearm accessory for any "weapon." (Doc. 1-2, p. 44). The exclusion "applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured." (Doc. 1-2, p. 44). Second, the Policy contains a Contractors and Subcontractors Exclusion that precludes coverage for any "bodily injury […] arising out of work performed by any contractor or subcontractor whether hired by or on behalf of any insured, or any acts or omissions in connection with the general supervision of such work." (Doc. 1-2, p. 43).

## DISCUSSION

### *A. Jurisdiction*

The Court has subject matter jurisdiction over this case pursuant to the federal diversity statute, 28 U.S.C. § 1332. Nautilus is an Arizona corporation with its principal place of business in Arizona. CSN is an Illinois limited liability company with its principal place of business in Illinois. The amount in controversy is alleged to exceed $75,000, exclusive of interest and costs as the effect of granting the relief would be to void coverage for a loss likely to exceed $75,000 in value. *See, e.g.*, *RSUI Indem. Co. v. JMT Dev. Inc.*, 572 F. Supp. 3d 482, 486 (N.D. Ill. Nov. 10, 2021) ("In the insurance context, both the cost of providing a defense and the potential cost of indemnifying [the insured] count toward the amount in controversy.") (internal quotations omitted).

### *B. Legal Standard*

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). When a Rule 12(c) motion attempts to resolve a case "on the basis of the underlying substantive merits," courts apply the summary judgment standard considering only the contents of the pleadings. *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993). Pleadings include the complaint, the answer, and exhibits attached thereto. Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes.").

As such, courts should grant judgment on the pleadings where there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law.

5

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Facts and inferences drawn from the pleadings' allegations are to be viewed in the light most favorable to the non-moving party. *Alexander*, 994 F.2d at 336 (citing *Republic Steel Corp. v Pennsylvania Eng'g Corp.*, 785 F.2d 174, 177 n.2 (7th Cir. 1986).

### C. Duty to Defend

Nautilus seeks a declaration that it does not owe a duty to defend CSN under the Policy with respect to the Underlying Action. An insurer's duty to defend is determined by comparing the allegations in the underlying complaint to the relevant provisions of the insurance policy. *Health Care Indus. Liab. Ins. Program v. Momence Meadows Nursing Ctr., Inc.*, 566 F.3d 689, 694 (7th Cir. 2009). "An insurer is obligated to defend its insured if the underlying complaint contains allegations that potentially fall within the scope of coverage." *Id.* (citing *Lyerla v. AMCO Ins. Co.*, 536 F.3d 684, 688 (7th Cir. 2008) and *Gen. Agents Ins. Co. of Am. v. Midwest Sporting Goods Co.*, 215 Ill. 2d 146 (2005)). In other words, an insurer may refuse to defend only if "it is clear from the face of the underlying complaint that the allegations set forth in the complaint fail to state facts that bring the case within, or potentially within, the coverage of the policy." *Id.*

Nautilus argues that the undisputed facts as pled in the Underlying Action demonstrate that coverage under the Policy is precluded by the Assault and Battery Exclusion, the Weapons Exclusion, and the Contractors and Subcontractors Exclusion.

(Doc. 32, pp. 10-17). CSN has not offered any argument in rebuttal, as it has failed to make any filing in opposition to the instant motion.[2]

CSN's failure to offer any opposition to Nautilus's arguments in the instant motion permits an inference of acquiescence and "acquiescence operates as a waiver." *Cincinnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001) (cited by *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007)). While CSN's failure to respond is not in itself a forfeiture, the Court does not find that Nautilus's interpretation concerning the applicable coverage exclusions to be frivolous or nondispositive. *See id.* (finding that defendant's failure to oppose argument acquiesced to plaintiff's interpretation of the policy as excluding coverage, even where the court disagreed with that interpretation).

The portions of the Underlying Action relevant to the instant case allege that Decedent was shot and killed by an employee of a security contractor that CSN negligently hired and selected. Accepting these facts as true, as the Court must here, they clearly fall within the exclusions of the Policy. The Policy's Assault and Battery Exclusion precludes coverage for any harmful contact to any person caused by any person. The Weapons Exclusion bars coverage for any "bodily injury" arising out of the use of any weapon. And finally, the Contractors and Subcontractors Exclusion states that any "bodily injury" arising out of work performed by any contactor or subcontractor is not covered by the Policy. All three of these exclusions clearly apply to the Underlying

---

[2] The Court is perplexed as to why CSN's counsel, Attorney Laninya A. Casons, failed to rebut Nautilus's motion, or comply with the orders of this Court to properly enter her appearance even after she was held in civil contempt for her failure to do so. However, in the interest of concluding this matter, the Court purges the Order (Doc. 27) holding Ms. Casons in civil contempt and any associated financial sanction.

Action. *See, e.g. Kinsale Ins. Co. v. Last Coast Entm't LLC*, No. 19 C 5771, 2021 WL 1577797, *7-8 (N.D. Ill. Apr. 22, 2021) (granting insurer's motion for judgment on the pleadings holding that shooting death of plaintiffs in underlying action was plainly excluded by the policy's assault and battery exclusion); *Nautilus Ins. Co. v. Action ATM Inc.*, No. 3:16-CV-0295-GCS, 2019 WL 6918502, *12-13 (S.D. Ill. Dec. 19, 2019) (finding that policy's weapons exclusion relieved insurer of duty to defend and indemnify in underlying lawsuit involving a fatal shooting at a gas station because it was obvious a weapon was used and the decedent was fatally struck by a bullet). In light of the plain language of the Policy, along with CSN's acquiescence to Nautilus's interpretation of the Policy, the Court concludes coverage for the Underlying Action is clearly precluded by these exclusions in the Policy.

### D. Duty to Indemnify

Nautilus also asks the Court to declare that it has no duty to indemnify CSN. It is well established that the duty to indemnify is narrower than the duty to defend. *Am. Bankers Ins. Co. of Fla. v. Shockley*, 3 F.4th 322, 331 (7th Cir. 2021) (citing *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill. 2d 90 (1992)). The duty to indemnify is an insurer's duty "to reimburse the insured for losses it incurs directly or to pay sums that the insured becomes legally obligated to pay others." *Id.* (quoting *Keystone Consol. Indus., Inc. v. Emps. Ins. Co. of Wausau*, 456 F.3d 758, 762 (7th Cir. 2006)). The duty to indemnify applies when the insured's claim "actually falls within the scope of coverage." Id. (quoting *Madison Mut. Ins. Co. v. Diamond State Ins. Co.*, 851 F.3d 749, 753 (7th Cir. 2017)).

In the Seventh Circuit, the "general rule" is that "a suit to determine an insurer's obligations to indemnify its insured is premature until the insured has been determined to be liable to somebody." *Bankers Tr. Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 680 (7th Cir. 1992). "More precisely, the 'duty to indemnify [is] unripe until the insured has been held liable.'" *Citizens Ins. Co. of Am. v. Thermoflex Waukegan, LLC*, 588 F. Supp. 3d 845, 856 (N.D. Ill. Mar. 1, 2022) (citing *Grinnell Mut. Reinsurance Co. v. Reinke*, 43 F.3d 1152, 1154 (7th Cir. 1995)). Furthermore, in addition to concerns about justiciability, a court considering a declaratory judgment generally cannot "decide issues of ultimate fact that could bind the parties to the underlying litigation." *Shockley*, 3 F.4th at 331 (citing *Maryland Cas. Co. v. Peppers*, 64 Ill. 2d 187 (1976)). Thus, determining whether an insurer has a duty to indemnify the insured for a particular liability is only ripe if the insured has been found liable in the underlying litigation. *Id.*

However, "[i]n cases such as the instant case where no duty to defend exists and the facts alleged do not even fall *potentially* within the insurance coverage, such facts alleged could obviously never *actually* fall within the scope of coverage. Under no scenario could a duty to indemnify arise." *Crum and Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 398 (1993) (cited by *Health Care Indus. Liab. Ins. Program v. Momence Meadows Nursing Ctr., Inc.*, 566 F.3d 689, 693 (7th Cir. 2009) and *Twin City Fire Ins. Co. v. Law Office of John S. Xydakis, P.C.*, No. 18 C 6387, 2023 WL 2572468, *7 (N.D. Ill. Mar. 20, 2023)). For the reasons explained above, Nautilus owes CSN no duty to defend in the Underlying Action; therefore, no duty to indemnify exists.

**CONCLUSION**

The Court **GRANTS** Nautilus's Motion for Judgment on the Pleadings. (Doc. 32). The Court further declares that (1) the Policy's Assault and Battery, Weapons, and/or Contractors and Subcontractors Exclusions bar coverage under the Policy for all claims, injuries, or causes of action asserted against CSN in the Underlying Action, and (2) that Nautilus Insurance Company has and had no duty under the Policy to defend CSN Entertainment, LLC in the Underlying Action, or to indemnify CSN Entertainment, LLC for any judgment, award, or settlement entered in the Underlying Action. Further, in the interest of concluding this matter, the Court purges Attorney Laninya A. Cason of the Order (Doc. 27) holding her in civil contempt and any associated financial sanction.

**SO ORDERED.**

Dated: July 7, 2025

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge